UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

OWEN F. SHEPHERD,

                    Plaintiff,

        -vs-                                    05-CV-0563C

BUFFALO PSYCHIATRIC CENTER,

                    Defendant.

---

APPEARANCES:        LINDY KORN, ESQ., Buffalo, New York, and STAFFORD D. RITCHIE, II, ESQ., Amherst, New York, for Plaintiff.

                            ELIOT SPITZER, Attorney General of the State of New York (MICHAEL J. RUSSO, Assistant Attorney General, of Counsel), Buffalo, New York, for Defendant.

**INTRODUCTION**

Plaintiff commenced this action on August 9, 2005. He filed an amended complaint on January 31, 2006, in which he alleged three causes of action pursuant to the Americans with Disabilities Act, 42 U.S.C. §§ 12112, 12132 ("ADA"), Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, and the New York State Human Rights Law, N.Y. Exec. Law § 296 ("NYSHRL"). On April 13, 2006, defendant filed a motion to dismiss certain causes of action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Item 20. Plaintiff filed a response to the motion on June 1, 2006. Item 23. The court has determined that oral argument on the motion is unnecessary. For the reasons that follow, the motion is granted in part.

**FACTS**

In his First Amended Complaint, plaintiff alleges that in 1985, the United States Department of Veterans Affairs determined that he was eligible for disability compensation due to a service-connected disability. Item 15, ¶ 18. On or about January 18, 2001, plaintiff was appointed to a part-time position as a food service worker at defendant Buffalo Psychiatric Center. *Id.,* ¶ 19. In September 2003, plaintiff filed a complaint with defendant alleging discrimination, and on September 5, 2003, he was suspended from his position. *Id.,* ¶¶ 23-24. On September 19, 2003, plaintiff was directed to appear for two medical examinations. *Id.,* ¶ 26. He submitted to the examinations under protest, and was returned to work on November 18, 1003. *Id.,* ¶ 27. Plaintiff then filed a complaint with the Equal Employment Opportunity Commission ("EEOC") and was issued a "right to sue" letter on May 5, 2005. *Id.,* ¶¶ 28, 31.

As a first cause of action, plaintiff alleges that defendant required him to submit to medical and psychological examinations which were neither job-related nor consistent with business necessity. He contends that these actions constituted discrimination based on his disability in violation of the ADA. Item 15, ¶ 37. As a second cause of action, plaintiff alleges that defendant's actions in requiring the medical and psychological examinations were discriminatory in violation of section 504 of the Rehabilitation Act of 1973. *Id.,* ¶ 38. As a third cause of action, plaintiff alleges that this discrimination also violated the New York State Human Rights Law. *Id.,* ¶ 39. Plaintiff seeks declaratory, injunctive, and monetary relief.

Defendant argues that the first cause of action should be dismissed to the extent that plaintiff seeks money damages under Title I of the ADA, and that the third cause of action should be dismissed as claims for money damages against the state are prohibited by the Eleventh Amendment to the United States Constitution.

## DISCUSSION

### I. ADA Claim

In his first cause of action, plaintiff alleges that defendant has discriminated against him in his employment in violation of the ADA. He cites both 42 U.S.C. §12112 (Title I) and § 12132 (Title II). Title I provides that "no covered entity shall discriminate against a qualified individual with a disability . . . in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). Additionally, Title I provides that the prohibition against discrimination referred to in that section "shall include medical examinations and inquiries." 42 U.S.C. § 12112(d)(1). Title II provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. The broad language of Title II has been held to encompass claims of employment discrimination. *See Transp. Workers Union of Am. v. New York City Transit Auth.,* 342 F. Supp. 2d 160, 173 (S.D.N.Y. 2004).

The Eleventh Amendment to the Constitution prevents federal suits against a state and its agencies unless the state has unequivocally consented or Congress has abrogated

the state's immunity pursuant to its powers under the Fourteenth Amendment.  *See Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 97-100 (1984).  In *Bd. of Trustees of Univ. of Alabama v. Garrett*, 531 U.S. 356 (2001), the Supreme Court explicitly held that Congress did not validly abrogate state sovereign immunity in enacting Title I of the ADA.  As a result, states are immune from suit by private individuals for money damages under Title I.  *Garrett,* 531 U.S. at 374.[1]   Accordingly, to the extent that plaintiff seeks money damages under Title I, the claim must be dismissed.  However, defendant has not argued that the first cause of action should be dismissed in its entirety.  The court's reading of the claim would indicate that plaintiff may be entitled to injunctive and declaratory relief under Title I or Title II, as well as money damages under Title II.[2] Accordingly, the motion to dismiss is only granted to the extent that plaintiff seeks money damages under Title I of the ADA.

## II.  NYSHRL Claim

Plaintiff's third cause of action under the NYSHRL is barred by the Eleventh Amendment.  In addition to prohibiting suits against a state based upon federal law, the Eleventh Amendment also protects states against suit in federal court for violations of state law.  *Pennhurst*, 465 U.S. at 122.  New York State has not waived its Eleventh Amendment immunity with respect to claims brought under the Human Rights Law.  *See Pazamickas*

---

[1]  Despite the unavailability of a suit for money damages, Title I of the ADA nonetheless prescribes standards applicable to the States which can be enforced by private individuals in actions for injunctive relief under *Ex parte Young*, 209 U.S. 123 (1908).  *Garrett,* 531 U.S. at 374 n. 9.

[2]  Attorney fees are also available to the prevailing party in a suit brought pursuant to the ADA.  42 U.S.C. § 12205.

*v. N.Y. State Office of Mental Retardation & Dev. Disabilities,* 963 F. Supp. 190, 196-97 (N.D.N.Y.1997); *Jungels v. State Univ. College of New York*, 922 F. Supp. 779, 784 (W.D.N.Y.1996), *aff'd,* 112 F.3d 504 (2nd Cir.1997).  Accordingly, the third cause of action must be dismissed.

## CONCLUSION

The defendant's motion to dismiss is granted in part.  Plaintiff's third cause of action is dismissed.  The first cause of action, only to the extent that plaintiff seeks money damages under Title I of the ADA, is also dismissed.  The parties shall appear for a meeting with the court on Monday, November 27, 2006, at 11 a.m. to discuss a further schedule.

So ordered.

\_\_\_\_\_\s\ John T. Curtin\_  
JOHN T. CURTIN  
United States District Judge

Dated: November 9 , 2006  
p:\opinions\05-563.nov706